UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 23-10017-RGS

UNITED STATES OF AMERICA

v.

KEVIN CARDOSO

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

September 19, 2024

STEARNS, D.J.

Petitioner Kevin Cardoso, proceeding *pro se*, brought this petition on May 28, 2024, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The sole basis for the motion is alleged ineffective assistance

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

of counsel. Cardoso alleges that his attorney failed to fully advise him of the consequences of entering a guilty plea including the ramifications of a waiver of his appellate rights. As the government notes in its opposition, these arguments are belied by the transcript of the guilty plea proceeding and the answers Cardoso gave to the court under oath when queried on the very same issues. Given the thoroughness of the plea colloquy and the masterful opposition filed by the government, see Dkt # 51, I see no reason to gild the lily. I only note that Cardoso received the full benefit of his plea bargain - his attorney negotiated a highly favorable outcome, particularly given the massive weight of the government's evidence – to wit, a sentence (188 months) that was well below that counseled by the Sentencing Guidelines (262 to 327 months). The waiver of appellate rights was part of the consideration given to the government in exchange for a binding plea recommendation (when accepted as it was) on the court.

Absent even a shard of evidence that Cardoso's attorney was in any respect ineffective, Cardoso will be held to his bargain and to his sworn representations to the court.[2] In sum, I find this petition an appropriate

---

[2] It is manifestly evident that Cardoso is unable to establish either prong of the ineffective assistance of counsel test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), that is, that his counsel's performance was so inferior as to have been objectively unreasonable, *see McGill, infra*, 11 F.3d at 226, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

candidate for a summary disposition. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

## ORDER

For the foregoing reasons, Cardoso's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>.[3]

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE

---

different." *Strickland*, 466 U.S. at 694.

[3] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal. The Clerk will close the matter and notify the petitioner accordingly.